IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>CONSOL ENERGY, INC.<br><br>and<br><br>CONSOLIDATION COAL COMPANY,<br><br>     Defendants. | Case No. 1:13-CV-215  Judge Keeley<br><br>**COMPLAINT**<br>**AND JURY TRIAL DEMAND**<br><br>Electronically Filed 9/23/2013 |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Beverly R. Butcher, Jr., who was adversely affected by such practices.  As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendants CONSOL Energy, Inc. and Consolidated Coal Company subjected Butcher to denial of religious accommodation and constructive discharge from his employment at their Mannington, West Virginia mining operations because of his religion, Evangelical Christian, in violation of Title VII.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and

1

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of West Virginia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant CONSOL Energy, Inc., a Pennsylvania corporation, and Consolidation Coal Company, a Delaware corporation (hereinafter "Defendants"), have continuously been doing business in the State of West Virginia, as well as other jurisdictions, and have continuously employed at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Beverly R. Butcher, Jr. filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2012, Defendants have engaged in unlawful employment practices at their Mannington, West Virginia mining operations in violation of Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

8. At all relevant times for purposes of EEOC's claims, Butcher held the position of general inside laborer employed at the Defendants' Robinson Run Mine in Mannington, West Virginia. Butcher was a long-term employee, having begun his employment in April 1975 and having worked at the Robinson Run Mine since September 1977.

9. On or about June 2012, Defendants installed a time and attendance tracking system at their Robinson Run Mine that requires employees to electronically sign-in to work using a biometric hand scanner that Defendants purchased from a vendor called Recognition Systems, Inc. Defendants began using the biometric hand scanner system for tracking employee time and attendance for payroll purposes on or about August 20, 2012.

10. Biometric hand scanner technology creates and stores electronic information about an individual's hand geometry for purposes of future identification of that individual by comparing the stored, electronic hand geometry information to the same information obtained from that individual through a subsequent hand scan.

11. Butcher is an Evangelical Christian.

12. Butcher has a genuinely held religious belief that he is not permitted to submit either of his hands for scanning by Defendants' biometric hand scanning system. Butcher believes that submitting to such biometric hand scanning violates the requirements of his religion.

13. On multiple occasions prior to his retirement, Butcher informed the Defendants that he has a genuinely held religious belief that he cannot submit to biometric hand scanning.

14. On or about June 18, 2012, Butcher met with Michael Smith, Superintendent, and Chris Fazio, Human Resource Manager, to discuss his religious belief and requested religious exemption from biometric hand scanning. Thereafter, Butcher also provided Smith and Fazio with a letter that he wrote discussing his genuinely held religious beliefs about the relationship between hand scanning technology and the Mark of the Beast and antichrist discussed in the Bible, and the letter requested exemption from hand scanning because of those beliefs. Butcher's request was to be exempted from all hand scanning and was not limited to the scanning of his right hand.

15. Acting through Smith and Fazio, Defendants responded by handing to Butcher a letter written by Defendants' scanner vendor, Recognition Systems, Inc., which was addressed to "To Whom it May Concern." The vendor's letter discussed the vendor's interpretation of Chapter 13, Verse 16 of the Book of Revelation contained in the Bible; pointed out that the text of that verse references the Mark of the Beast only on the right hand and forehead; and suggests that persons with concerns about taking the Mark of the Beast "be enrolled" (meaning, use the hand scanner) with their left hand and palm facing up. The letter concludes by assuring the reader that the vendor's scanner product does not, in-fact, assign the Mark of the Beast.

16. In response, Butcher proposed the alternative that he continue submitting his time and attendance manually as he had previously done before Defendants' adoption of biometric hand scanning technology, or that he be permitted to check in and check out with his supervisor.

17. On or about August 6, 2012, Butcher again met with Michael Smith, Superintendent, and Chris Fazio, Human Resource Manager, and discussed his religious belief and requested religious exemption from biometric hand scanning.

18. At this meeting, Fazio and Smith responded that Butcher should submit to hand scanning of his left hand turned palm up rather than his right hand.

19. On or about August 10, 2012, Butcher again met with Michael Smith, Superintendent, and Chris Fazio, Human Resource Manager, and informed them that he believes that he is prohibited by his religion from submitting to scanning of either hand.

20. Defendants, acting through Smith and Fazio, declined to accommodate Butcher's request to be exempted from biometric scanning of either hand. Prior to his resignation, Smith and Fazio informed Butcher that the only accommodation that they would offer was scanning of his left hand and that he needed to make a decision based on that offer.

21. Defendants, acting through Smith and Fazio, failed to provide any alternative to biometric hand scanning in order for Butcher to perform time and attendance functions.

22. Defendants, acting through Smith and Fazio, informed Butcher that he would be subject to disciplinary action if he refused to use the biometric hand scanning system.

23. On or about August 10, 2012, Butcher retired from his employment with Defendants. Butcher did not previously intend to retire at that time. He specifically informed Fazio and Smith that he was retiring involuntarily, telling them that he was retiring under protest and felt that he had no choice but to retire because of their refusal to grant an exemption from biometric hand scanning.

24. The reason Butcher felt compelled to end his employment through retirement was because Defendants would not allow him a religious exemption from biometric hand scanning. At no time did Defendants offer to Butcher any alternative to biometric hand scanning.

25. At least two persons employed by Defendants at the Robinson Run Mine at the time that Butcher requested religious accommodation were permitted exemptions from biometric hand scanning due to missing fingers. These two persons were permitted to submit their time and attendance by other means.

26. By refusing to provide Butcher with a religious accommodation for his genuinely held religious belief, Defendants created working conditions sufficiently intolerable that a reasonable person would feel compelled to end their employment.

27. The effect of the practices complained of in paragraphs 7-26, above, has been to deprive Beverly R. Butcher, Jr. of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

28. The unlawful employment practices complained of in paragraphs 7-26, above, were and are intentional.

29. The unlawful employment practices complained of in paragraphs 7-26, above, were and are done with malice or with reckless indifference to the federally protected rights of Beverly R. Butcher, Jr.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in religious discrimination, including denial of religious accommodations,

resulting constructive discharges, and any other employment practice which discriminates on the basis of religion.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with genuinely held religious beliefs that require accommodation, and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendants to make whole Beverly R. Butcher, Jr. by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement with retroactive seniority and benefits and front pay in lieu thereof.

  D. Order Defendants to make whole Beverly R. Butcher, Jr. by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-26, above, in amounts to be determined at trial.

  E. Order Defendants to make whole Beverly R. Butcher, Jr. by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-26, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendants to pay Beverly R. Butcher, Jr. punitive damages for the malicious and reckless conduct described in paragraphs 7-26, above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney
MA I. D.  289030
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270

/s/ Ronald L. Phillips
RONALD L. PHILLIPS
Supervisory Trial Attorney
OH I.D. 0070263
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2737
Facsimile number: (410) 962-4270
E-mail address: ronald.phillips@eeoc.gov


/s/ Lisa H. Hernandez
LISA H. HERNANDEZ
Senior Trial Attorney
PA I.D. 87634
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone number: (412) 395-5852
Facsimile number: (412) 395-5749
E-mail address: lisa.hernandez@eeoc.gov


UNITED STATES OF AMERICA

WILLIAM J. IHLENFELD, II
United States Attorney


By:   /s/ Alan G. McGonigal
Alan G. McGonigal
Assistant United States Attorney
WV Bar # 6075
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: 304-234-0100
Fax: 304-234-0112
E-mail: alan.mcgonigal@usdoj.gov