IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CONSOL ENERGY, INC. | ) ) | Case No.  1:13-cv-00215 Judge Frederick P. Stamp, Jr. |
| and | ) ) | |
| CONSOLIDATION COAL COMPANY, | ) ) | |
| Defendants. | ) | |

## PLAINTIFF EEOC'S PROPOSED JURY INSTRUCTIONS

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), pursuant to the Federal Rules of Civil Procedure, files its proposed Jury Instructions and Jury Interrogatories. These requested Jury Instructions are made subject to revisions based upon any interim rulings of the Court with affect the scope of the jury's deliberations.

## PROPOSED JURY INSTRUCTION NO. 1
## REASON FOR EEOC'S ROLE AS PARTY IN LITIGATION

The Plaintiff EEOC is an agency of the United States Government responsible for enforcing a law called Title VII of the Civil Rights Act of 1964, also called "Title VII," which is the federal law involved in this lawsuit.  As part of its law enforcement duties, the EEOC files lawsuits in federal court seeking to recover monetary damages to be paid directly to persons who the EEOC believes were denied employment rights that are protected under Title VII.  This is why the EEOC is the Plaintiff in this case instead of Mr. Butcher himself.

Given _____

Modified _____

Denied _____

Authority: Adapted from Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; General Telephone Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 331 (1980) (the EEOC exists to advance the public interest in preventing and remedying employment discrimination). See also EEOC v. Waffle House, Inc., 534 U.S. 279, 285 (2002) (discussing EEOC statutory role under Title VII/ADA).

## PROPOSED JURY INSTRUCTION NO. 2
## EVIDENCE

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated--that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed or previously determined by this Court - - that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers.

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not

permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

Given _____

Modified _____

Denied _____

Authority: *Adapted from Third Circuit Model Jury Instruction 1.5*

4

## PROPOSED JURY INSTRUCTION NO. 3
## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things to which the witness testifies;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Given _____

5

Modified _____

Denied _____

Authority: *Adapted from Third Circuit Model Jury Instruction 1.7*

**PROPOSED JURY INSTRUCTION NO. 4**
**CONSIDERATION OF THE EVIDENCE—CORPORATE**
**PARTY'S AGENTS AND EMPLOYEES**

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his/her acts and declarations made while acting within the scope of his/her authority delegated to him/her by the corporation, or within the scope of his/her duties as an employee of the corporation.

Given _____

Modified _____

Denied _____

Authority: DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.09.

## PROPOSED JURY INSTRUCTION NO. 5
## USE OF DEPOSITION

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Samuel Johnson has been presented to you by reading the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Given _____

Modified _____

Denied _____

Authority: *Third Circuit Model Jury Instruction 2.5.*

8

## PROPOSED FINAL JURY INSTRUCTION NO. 6
## USE OF INTERROGATORIES

You have heard answers that the Defendants CONSOL Energy, Inc. and Consolidation Coal Company gave in response to written questions submitted by the other side. The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider the Defendants' answers to interrogatories in the same manner as if the answers were made from the witness stand.

Given _____

Modified _____

Denied _____

Authority: *Third Circuit Model Jury Instruction 2.6.*

## PROPOSED JURY INSTRUCTION NO. 7
## PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by a preponderance of the evidence, you must decide against it on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence--it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

10

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Given _____

Modified _____

Denied _____

Authority: SAND, SIFFERT, REISS & BATTERMAN, 4-73 MODERN FEDERAL JURY INSTRUCTIONS-CIVIL, INSTRUCTION 73-2 - PREPONDERANCE OF THE EVIDENCE (AS ADAPTED).

## PROPOSED JURY INSTRUCTION NO. 8
## ELEMENTS OF A TITLE VII CLAIM FOR DENIAL OF RELIGIOUS
## ACCOMMODATION

In this lawsuit, the EEOC asserts that the Defendants failed to give Mr. Butcher a reasonable accommodation for his religious belief. Therefore, to prevail in this lawsuit the EEOC must prove the following elements by preponderance of the evidence:

(1) That Beverly R. Butcher, Jr. had a sincerely held religious belief that conflicted with an employment requirement or rule of one or both of the Defendants;

(2) That Mr. Butcher informed one or both of the Defendants of that belief; and

(3) That one or both of the Defendants did not provide Mr. Butcher with a reasonable accommodation for his religious belief and that failure resulted in a constructive discharge or some other type of adverse employment action.


Given _____

Modified _____

Denied _____


Authority: *Adapted from* 42 U.S.C. §§ 2000e(j) & 2000e-2(a); <u>EEOC v. Firestone Fibers & Textiles Co.</u>, 515 F.3d 307, 312 (4th Cir. 2008); <u>Ali v. Alamo Rent-A-Car, Inc.</u>, 8 Fed. App'x 156, 2001 WL 218788, at 157-59 & n.2 (4th Cir. 2001) (holding religious accommodation plaintiffs must show adverse employment action cognizable under Section 703(a), declining to decide what constitutes an adverse employment action given plaintiff's concession that she did not sustain one); <u>Johnson v. K-Mart Corp.</u>, 131 F.3d 134, 1997 WL 741368, at *1 (4th Cir., Dec. 2,

1997) (stating in religious accommodation case that employees are entitled to relief under Title VII if they prove constructive discharge); <u>Young v. Southwestern Savings and Loan Ass'n</u>, 509 F.2d 140, 143-44 (5th Cir. 1975); (constructive discharge in religious accommodation denial); <u>Heller v. EBB Auto Co.</u>, 8 F.3d 1433, 1438 (9th Cir. 1993) (threat of discipline sufficient for prima facie case).

## PROPOSED JURY INSTRUCTION NO. 9
## DEFINITIONS – SINCERELY HELD RELIGIOUS BELIEF

Title VII requires employers to reasonably accommodate the religious beliefs of their employees unless such accommodation poses an undue hardship on the conduct of the employer's business.

You are instructed that a "religious belief" protected under Title VII is any sincerely held moral or ethical belief about what is right or wrong that is meaningful in the employee's own scheme of things. Such moral or ethical belief may be related to an employee's belief in a supreme being, or if the employee does not believe in a supreme being, the belief is religious if it otherwise occupies a meaningful place in his mind that is parallel to belief in a supreme being.

In order to obtain the protection of Title VII, a religious belief must only be sincerely held, meaning the employee himself actually believes it. Under the law, there is no requirement that any other person shares in the employee's belief, and there is no requirement that the belief be considered part of any known religion or denomination. Furthermore, the employee's religious belief is not required to be recognized by, or consistent with, the principles or accepted tenets or beliefs of any known religion or denomination, and that belief need not be recognized or consistent with the teachings of any religious group or denomination with whom the employee is associated.

In addition, you are instructed that religious beliefs need not be acceptable, logical, consistent, or understandable to you or anyone else in order to be protected religious beliefs under the law. When considering this case and deciding on your verdict, you are forbidden from considering whether you personally agree with a religious belief or whether you think it is a true

14

or accurate belief.  Under the law, the only permissible consideration for you is whether the belief is, in Mr. Butcher's own mind, religious in nature, and that he actually believes it.

Given _____

Modified _____

Denied _____

      Authority: *Adapted from* Thomas v. Review Bd. of Indiana Employment Div. Sec., 450 U.S. 707, 714-15 (1981); Welsh v. United States, 398 U.S. 333, 339-41 (1970); United States v. Seeger, 380 U.S. 163 (1965); Doswell v. Smith, 139 F.3d 888 (Table), 1998 WL 110161, at *2-4 (4th Cir. 1998); Davis v. Fort Bend County, 765 F.3d 480, 485 (5th Cir. 2014).

## PROPOSED JURY INSTRUCTION NO. 10
## DEFINITION – INFORMING THE EMPLOYER OF THE RELIGIOUS BELIEF

You are instructed that when informing an employer of a religious belief that conflicts with a work requirement or rule, an employee need not use the words "Title VII," "reasonable accommodation," or similar language, and the employee is not required to explain why they believe what they believe to the employer's satisfaction. Instead, under the law it is enough for the employee to simply identify that they have a religious belief that conflicts with a work rule or requirement and request that the employer assist them with that conflict. Under the law the employee is not required to identify all possible reasonable accommodations, and the employer has a legal obligation to assist the employee by exercising reasonable efforts to identify possible reasonable accommodations for the employee's religious beliefs.

Given _____

Modified _____

Denied _____

Authority: Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 69 (1986); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 313 (3d Cir. 1999).

16

## PROPOSED JURY INSTRUCTION NO. 11
## DEFINITIONS – REASONABLE ACCOMMODATION

Title VII requires employers to reasonably accommodate the religious beliefs of their employees unless such accommodation poses an undue hardship on the conduct of the employer's business.   In this case, the EEOC asserts that the Defendants failed to grant Mr. Butcher a reasonable accommodation for his religious beliefs, and the Defendants assert that they granted a reasonable accommodation for Butcher's religious beliefs.   You will be asked to render a verdict regarding whether or not a reasonable accommodation was granted to Mr. Butcher.

You are instructed that an "accommodation" is an alteration or change to the usual way of doing things in order to resolve a conflict between a particular employee's sincerely held religious belief and an employer's work requirements or rules.

You are further instructed that in deciding whether an accommodation is "reasonable" under the law, you must consider the nature of the employee's religious beliefs, the nature of the employers' work requirement or rule, whether and the extent to which an accommodation resolves or does not resolve the conflict between the religious belief and the work requirement or rule in question, any adverse effects on the workplace that may be caused by a particular type of accommodation, and any alternative forms of accommodation that the employer failed to consider that were available and did not pose an undue hardship on the conduct of the employer's business. You are further instructed that granting an employee an exception to an employer's policy or rule that usually applies to other employees can be a form of reasonable accommodation, depending on the circumstances.

In addition, you are instructed that an employer is not permitted to grant or deny

accommodations in a manner that is discriminatory against religion.  Therefore, when a specific type of accommodation is given to all employees who require it for *non-religious* reasons but the employer is unwilling to give that kind of accommodation to employees needing it for *religious* reasons, then any lesser alternative accommodation that was granted to the employee requesting religious accommodation is considered unreasonable under the law.

Given _____

Modified _____

Denied _____

Authority: *Adapted from* EEOC v. Firestone Fibers & Textiles Co., 515 F.3d 307, 314-15 (4th Cir. 2008); Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 70-71 (1986); U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 397-99 (2002) .

## PROPOSED JURY INSTRUCTION NO. 12
## ADVERSE EMPLOYMENT ACTION - CONSTRUCTIVE DISCHARGE

Under the law, there are circumstances when an employee's decision to end his own employment is considered the legal equivalent of that employee having been fired by his employer. This is called a "constructive discharge," and it is a form of adverse employment action. In this case, the EEOC asserts that the Defendants constructively discharged Mr. Butcher.

In order to find that Mr. Butcher's retirement was a constructive discharge, the EEOC must prove the following elements by preponderance of the evidence:

(1) That either one or both of the Defendants created working conditions that a reasonable person in Mr. Butcher's circumstances would consider sufficiently intolerable that he would feel compelled to retire or resign, such as engaging in conduct that would cause a reasonable employee to believe that his discharge was inevitable; and

(2) That Mr. Butcher felt compelled to retire because of the intolerable working conditions that either one or both of the Defendants created.

Given _____

Modified _____

Denied _____

Authority: *Adapted from* <u>Pennsylvania State Police v. Suders</u>, 542 U.S. 129, 147-48 (2004); *Third Circuit Model Jury Instruction 5.2.2 (constructive discharge) (citing Suders for objective standard); Ninth Circuit Model Civil Jury Instruction 10.4C (same).* <u>See also</u> <u>Whitten v. Freds, Inc.</u>, 601 F.3d 231, 248-49 (4th Cir. 2010); <u>Laster v. City of Kalamazoo</u>, 746 F.3d 714, 728-29 (6th Cir. 2014) ("[C]onstructive discharge also occurs where, based on an employer's

19

actions, 'the handwriting was on the wall and the axe was about to fall'") (citation omitted); EEOC v. Univ. of Chicago Hosp., 276 F.3d 326, 332 (7th Cir. 2002) (lowered evaluations, performance-related accusations, attempted removal, packing employee's belongings and using office for storage); Stephens v. C.I.T. Group/Equipment Financing, Inc., 955 F.2d 1023, 1028 (5th Cir. 1992) (demotion); Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987) (employee told he would be fired at end of 90-day probationary period regardless of his job performance); Alba v. Merrill Lynch & Co., 198 Fed. App'x 288, 293 n.3 (4th Cir. 2006) ("[A] plaintiff may not resign and later claim he was actually discharged if he did not think at the time of his resignation that his termination was inevitable.").

## PROPOSED JURY INSTRUCTION NO. 13
## DEFINITIONS – OTHER ADVERSE EMPLOYMENT ACTIONS

Under Title VII, a constructive discharge is a type of "adverse employment action." However, there are also other kinds of adverse employment action. An adverse employment action means any action by one or both of the Defendants that significantly altered the terms, conditions, or benefits of Mr. Butcher's employment, or that deprived him of employment opportunities, or otherwise adversely affected his status as an employee. In addition to considering whether Mr. Butcher's retirement was a constructive discharge, you should also consider whether any failure to provide reasonable accommodation to him itself constituted an adverse employment action under the circumstances presented in this case.

Given _____

Modified _____

Denied _____

Authority: *Adapted from* 42 U.S.C. § 2000e-2(a)(1); Trans World Airlines v. Hardison, 432 U.S. 63, 74 (1977) (discussing history of amendment to Title VII definition of religion (Section 2000e(j)) expressly requiring religious accommodation and stating "[t]he intent and effect of this definition was to make it an unlawful employment practice under § 703(a)(1) for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees"); Ali v. Alamo Rent-A-Car, Inc., 8 Fed. App'x 156, 2001 WL 218788, at 157-59 & n.2 (4th Cir. 2001) (holding religious accommodation plaintiff denied accommodation of wearing headscarf must show adverse employment action

21

cognizable under Section 703(a), declining to decide what constitutes an adverse employment action given plaintiff's concession that she did not sustain one).

## PROPOSED JURY INSTRUCTION NO. 14
## UNDUE HARDSHIP DEFENSE

If you find that the EEOC has proven the essential elements previously described to you, then you must determine whether providing reasonable accommodation to Mr. Butcher would have been an undue hardship.  Under Title VII, an employer is not required to provide a particular form of accommodation for an employee's religious beliefs if providing that type of accommodation would create an undue hardship on the conduct of the employer's business.

In this case, the Defendants assert that certain of the accommodations identified by the EEOC would have been an undue hardship on the conduct of their business.  It is the burden of the Defendants to prove undue hardship by preponderance of the evidence.

Undue hardship means more than a de minimis cost on the conduct of the employer's business either in terms of financial costs or disruption of the business.  Undue hardship means something greater than any hardship, and it cannot be proven by merely proving any cost or any disruption or inconvenience to the business.  A greater degree of hardship is required to be shown.

In addition, undue hardship cannot be proved by assumptions or by opinions based on hypothetical facts.  Your determination of whether a form of accommodation is an undue hardship must be based on evidence of the facts and circumstances of this particular case and this particular employer.

Given _____

Modified _____

Denied _____

Authority: *Adapted from* 42 U.S.C. § 2000e(j); EEOC v. Firestone Fibers & Textiles Co.,

23

515 F.3d 307, 312 (4th Cir. 2008); Benton v. Carded Graphics, Inc., 28 F.3d 1208 (Table), 1994

WL 249221, at *1 (4th Cir., Jun. 9, 1994); Adeyeye v. Heartland Sweeteners, LLC, 721 F.3d 444,

455-56 (7th Cir. 2013); Anderson v. General Dynamics Convair Aerospace Div., 589 F.2d 397,

402 (9th Cir. 1978).

**PROPOSED JURY INSTRUCTION NO. 15**
**COMPENSATORY DAMAGES**

If you find by a preponderance of the evidence that one or both Defendants violated Mr. Butcher's Title VII rights and that he suffered harm as a result of that violation, then you must consider the issue of compensatory damages. In that circumstance, you must award to Mr. Butcher an amount that will fairly compensate him for any injury he actually sustained as a result of either Defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put someone in the position he would have occupied if the Title VII violation had not occurred. EEOC has the burden of proving damages by a preponderance of the evidence.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life or other non-pecuniary losses that Mr. Butcher experienced as a consequence of either Defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that compensatory damages are distinct from the amount of wages that Mr. Butcher would have earned, either in the past or in the future, if he had continued in employment

25

with Defendants. Under the applicable law, the determination of lost wages is for the Court to decide at a later time, and therefore you will not be asked to decide lost wages. You should not consider the issue of lost wages in your deliberations.

You may award damages for monetary losses that Mr. Butcher may suffer in the future as a result of either Defendant's allegedly unlawful act. That element of damages is distinct from the amount of wages that Mr. Butcher would have earned in the future from Defendants had he remained employed by them.

As I instructed you previously, EEOC has the burden of proving damages by a preponderance of the evidence. But the law does not require that EEOC prove the amount of Mr. Butcher's losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

Given _____

Modified _____

Denied _____

Authority: *Adapted from Third Circuit Model Jury Instruction 9.4.1.*

**PROPOSED JURY INSTRUCTION NO. 16**
**PUNITIVE DAMAGES**

EEOC claims the acts of Defendants were done with malice or reckless indifference to Mr. Butcher's federally protected rights and that as a result there should be an award of what are called "punitive" damages.   A jury may award punitive damages to punish a defendant, or to deter a defendant and others like it from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of either or both Defendants personally acted with malice or reckless indifference to Mr. Butcher's federally protected rights.  An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway.  An action is with reckless indifference if taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirement for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

Given _____

Modified _____

Denied _____

Authority: *Adapted from Third Circuit Model Jury Instruction 9.4.2.*

27

## PROPOSED JURY INSTRUCTION NO. 17
## TITLE VII "EMPLOYER" — DEFINED

You are instructed that a company can only be found liable for violating Title VII if you find, by preponderance of the evidence, that it was an "employer" of the individual whose rights are alleged to have been violated.  In some circumstances, two companies that are separately incorporated can both be considered the Title VII "employer" of an individual.

In this case, you are instructed that Defendant Consolidation Coal Company was an "employer" of Mr. Butcher.  That fact is not in dispute in this case, and you will not be asked to decide that issue.  For purposes of your deliberations, you are required to consider Defendant Consolidation Coal Company to be an employer of Mr. Butcher.

However, in this case, the parties *do* dispute whether Defendant CONSOL Energy, Inc. was also an employer of Mr. Butcher.  Therefore, you will be asked to decide whether it has been shown, by preponderance of the evidence, that CONSOL Energy, Inc. was also an employer of Mr. Butcher as that term is defined by Title VII.

There are two legal standards for deciding whether CONSOL Energy, Inc. was also Mr. Butcher's Title VII employer.  If you find that *either one* of those legal standards has been satisfied by preponderance of the evidence, then you must find that CONSOL Energy, Inc. was also Mr. Butcher's Title VII employer.  However, if you find that neither of the two legal standards has been satisfied by preponderance of the evidence, then you must find that CONSOL Energy, Inc. was not a Title VII employer of Mr. Butcher.

The first legal standard requires proof that CONSOL Energy, Inc. controlled employment decisions and practices regarding Mr. Butcher.  If you find, by preponderance of the evidence, that

28

CONSOL Energy, Inc. controlled employment decisions and practices regarding Mr. Butcher, then you must find that CONSOL Energy, Inc. was Mr. Butcher's Title VII employer, and then you need not consider the second legal standard for determining employer status.  However, if you find that it has not been shown by preponderance of the evidence that CONSOL Energy, Inc. controlled employment decisions and practices regarding Mr. Butcher, then you must go on to consider the second legal standard for deciding whether CONSOL Energy, Inc. was Mr. Butcher's Title VII employer.

The second legal standard requires proof, by preponderance of the evidence, that Defendant CONSOL Energy, Inc. dominated the operations of Defendant Consolidation Coal Company to such an extent that the two companies are legally considered to be one employer. Id. In rendering your decision regarding this second legal standard, you should consider all of the circumstances reflected in the evidence that was presented to you, including but not limited to whether there was evidence of (1) common management of the Defendants; (2) interrelation of operations of the Defendants; (3) centralized control of labor relations among the two Defendants; and (4) common ownership/financial control of the two Defendants.  Of these four factors, the most significant one for your decision should be whether there is evidence of centralized control of labor relations.  Considering all of the evidence presented to you, including any evidence bearing on the four aforementioned factors, if you find by preponderance of the evidence that Defendant CONSOL Energy, Inc. dominated the operations of Defendant Consolidation Coal Company, then you must find that Defendant CONSOL Energy, Inc. was also Mr. Butcher's Title VII employer.

Given _____

Modified _____

Denied _____

Authority: *Adapted from* <u>Johnson v. Flowers Indus., Inc.</u>, 814 F.2d 978, 980-81 & n.1 (4th

Cir. 1987); <u>Gilbert v. Freshbikes, LLC</u>, ---F. Supp.2d---, 2014 WL 3405035, at *5-6 (D. Md., Jul.

9, 2014) (discussing case law).

## PLAINTIFF EEOC'S PROPOSED VERDICT FORM

1.    Do you find by a preponderance of the evidence that either or both of the Defendants denied reasonable accommodation to Beverly R. Butcher, Jr. for a sincerely held religious belief that conflicted with a work requirement or rule?

_____ YES        _____ NO

    *Instructions:  If your answer to Question No. 1 is "Yes," go on to Question No. 2 and answer that Question.*

    *If your answer to Question No. 1 is "No," then stop and do not answer any other questions.  You have completed this verdict form.*


2.    Do you find by a preponderance of the evidence that either or both of the Defendants subjected Beverly R. Butcher, Jr. to an adverse employment action by constructively discharging him?

_____ YES        _____ NO

    *Instructions: Please go on to Question No. 3 and answer that question.*


3.    Do you find by preponderance of the evidence that the denial of reasonable accommodation that you found in response to Question No.1 was itself an adverse employment action as defined by these instructions?

    *Instructions:  If your answer to Question No. 2 or Question No. 3 was "Yes," or you answered both Question Nos. 2 & 3 with "Yes," then go on to Question No. 4 and answer that Question.*

31

*If your answer to both Question No. 2 and Question No. 3 was "No," then stop and do not answer any other questions. You have completed this verdict form.*

4.   Do you find by a preponderance of the evidence that any one or more of the reasonable accommodations identified in this case were an undue hardship on the conduct of the Defendants' business?

_____ YES               _____ NO

*Instructions: If your answer to Question No. 4 is "Yes," go on to Question No. 5 and answer that Question. If your answer to Question No. 4 is "No," then go on to Question No. 6 and answer that Question.*

5.   If you found by preponderance of the evidence that any one or more of the reasonable accommodations identified in this case were an undue hardship on the conduct of either or both of the Defendants' business, which of the identified reasonable accommodations did you find were an undue hardship?

a.   Check in with supervisor and manually entering time instead of hand scanning

_____ YES               _____ NO

b.   Use of time clock instead of hand scanning

_____ YES               _____ NO

c.   Typing employee number into keypad instead of hand scanning

_____ YES               _____ NO

*Instructions: If your answers to Question Nos. 5a – 5c. were all "Yes," then stop*

*and do not answer any further questions.  You have completed this verdict form.*

*If any one or more of your answers to Question Nos. 5a. – 5c. were "No," then go on to Question No. 6 and answer that Question.*

6.  What is the amount of compensatory damages that should be awarded to Beverly R. Butcher, Jr.?

$_____

*Instructions:  Go on to question No. 7 and answer that question.*

7.  Do you find by preponderance of the evidence that either or both of the Defendants acted with malice or reckless indifference to the federally protected rights of Beverly R. Butcher, Jr.?[1]

_____ YES          _____ NO

*Instructions: Please go on to  Question No. 8 and answer that question.*

8.  Applying the definition of "employer" reflected in the Court's instructions, do you find by preponderance of the evidence that Defendant CONSOL Energy, Inc. was Beverly R. Butcher, Jr.'s  "employer"?

_____ YES          _____ NO

*Instructions: You have completed this verdict form.*

---

[1]  In the event the Court determines that it will not bifurcate the issue of punitive damages amount determination, EEOC will submit a revised proposed verdict form asking the jury to determine

33

_____          _____
Date                             Foreperson

punitive damages amount at the same time as liability for punitive damages.

34

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*s/ Ronald L. Phillips*
RONALD L. PHILLIPS
Supervisory Trial Attorney
OH Bar #0070263 (admitted *pro hac vice*)
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270
E-mail: ronald.phillips@eeoc.gov

WILLIAM J. IHLENFELD, II
United States Attorney

*s/ Alan G. McGonigal*
ALAN G. MCGONIGAL
Assistant United States Attorney
WV Bar #6075
P.O. Box 591
Wheeling, WV 26003
Office #: (304) 234-0100
Facsimile #: (304) 234-0112
E-mail: Alan.McGonigal@usdoj.gov

*/s/ Lisa H. Hernandez*
LISA H. HERNANDEZ
Senior Trial Attorney
PA ID No. 87634 (admitted *pro hac vice*)
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Office #: (412) 395-5852
Facsimile #: (412) 395-5749
E-mail: lisa.hernandez@eeoc.gov

35

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2014, I electronically filed

**PLAINTIFF EEOC'S PROPOSED JURY INSTRUCTIONS** with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.


By:     /s/ Alan G. McGonigal
          Alan G. McGonigal
          Assistant United States Attorney
          WV Bar # 6075
          United States Attorney's Office
          P.O. Box 591
          Wheeling, WV 26003
          Phone: 304-234-0100
          Fax: 304-234-0112
          E-mail: alan.mcgonigal@usdoj.gov