IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.                              Civil Action No. 1:13CV215
                                     (STAMP)

CONSOL ENERGY, INC. and
CONSOLIDATION COAL COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THE COURT
AND SCHEDULING EVIDENTIARY HEARING AND ORAL ARGUMENT
TO CONSIDER DAMAGES AND PENDING MOTIONS**

I.   Background

This action was filed by the plaintiff, the United States
Equal Employment Commission ("EEOC"), pursuant to Title VII of the
Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  In the
complaint, EEOC seeks a permanent injunction and monetary relief
for the charging party, Beverly R. Butcher, Jr. ("Butcher").  EEOC
alleges that the defendants, Consol Energy, Inc. ("Consol Energy")
and Consolidation Coal Company ("Consolidation Coal")(collectively,
"the defendants"), instituted practices that denied Butcher a
religious accommodation.

Prior to trial, both parties filed multiple motions in limine.
In a previous order, this Court granted one of those motions,
defendants' motion in limine No. 1 for bifurcation of the claim for
punitive damages.  A trial in this action then commenced.  After
the first day of trial, this Court, by pronounced order, denied the

defendants' motion in limine No. 2 to exclude any evidence of accommodation to other employees and granted EEOC's motion in limine to exclude argument and evidence concerning irrelevant and hypothetical rationale for defendants' actions.  On the second day of trial, this Court granted EEOC's motion in limine to exclude argument and evidence concerning hypothetical union grievance or hypothetical labor arbitration outcome.  This order will set forth those oral pronouncements in more detail.

After the trial concluded, a verdict in favor of EEOC was entered and the jury assigned only compensatory damages.  However, based on this Court's previous ruling, the jury did not make a determination based on other damages that may be awarded.  Thereafter, the defendants filed a motion for entry of judgment under Federal Rule of Civil Procedure 54(b).  EEOC then filed a motion for permanent injunction.  Those motions are fully briefed and ripe for review.

Finally, this Court entered an order setting a briefing schedule regarding back pay, front pay, and other damages on behalf of Butcher.  The parties have submitted briefs on these issues and this Court is now prepared to hear oral argument and receive evidence concerning those issues.

A.   EEOC's Motion in Limine to Exclude Argument and Evidence Concerning Irrelevant and Hypothetical Rationale for Defendants' Actions

EEOC argued that evidence as to Mike Smith's ("Smith") state of mind should not be admitted as any belief by Butcher as to Smith's state of mind is pure speculation.  This arises from the defendants' argument that Butcher's supervisors believed that Butcher would not use the scanner, period, even with the type-in method.  EEOC contended that Smith was not involved in the decision-making regarding Butcher's request and thus this evidence is irrelevant.  Additionally, EEOC asserted that this evidence is misleading and irrelevant because it is undisputed that Consol never discussed the type-in method with Butcher and never gave him the option to consider that alternative.

The defendants argued that Butcher's response to and intentions of utilizing the hand scanner are relevant to Consol's decision-making process and what accommodations it offered Butcher. Further, the defendants contended that the evidence EEOC seeks to exclude will likely be used on cross-examination and/or impeachment of Butcher and thus should not be prematurely limited without the benefit of hearing EEOC's direct examination of Butcher.

This Court found that the suggested testimony and evidence was speculative as what Butcher believed Smith believed would not provide actual proof of Smith's state of mind.  See ECF No. 141 at

3

200.  Thus, this Court found that the evidence was irrelevant. ECF No. 141 at 200; Fed. R. Evid. 401.  Further, this Court found that the value of such evidence would be substantially outweighed by the danger that the jury may be misled or confused. Fed. R. Evid. 403. Accordingly, EEOC's motion in limine (ECF No. 76) was GRANTED.

B.    EEOC's Motion in Limine to Exclude Argument and Evidence Concerning Hypothetical Union Grievance or Hypothetical Labor Arbitration Outcomes

EEOC moved this Court to exclude the defendants from arguing that Butcher should have accepted disciplinary action and discharge, then filed a union grievance, instead of retiring because he likely would have prevailed in arbitration.  EEOC argued that this argument is irrelevant and speculative and thus inadmissible. Further, EEOC contended that this is irrelevant because Title VII does not require an employee to seek arbitration nor does it require an employer to refuse a reasonable accommodation unless ordered to do so by an arbitrator.

In response, the defendants argued that the availability of the union grievance procedure to Butcher is relevant. The defendants conceded that religious discrimination claims are not subject to a grievance.  However, the defendants asserted that they believe it is relevant that a grievance procedure is available for challenging progressive discipline policies.  The defendants contended that this is relevant as to the third prong that EEOC must show in order to make a prima facie case for reasonable

4

accommodation, that Butcher was disciplined for his belief. The defendants argued that Butcher was not disciplined because he retired before the progressive discipline policy was implemented against him and was not induced to do so by Consol. Thus, the defendants asserted that the evidence is relevant.

This Court found that evidence regarding the union grievance was irrelevant as federal labor law cannot trump Butcher's rights under Title VII. ECF No. 142 at 8-9; Fed. R. Evid. 401. Further, this Court found that the proffered evidence was irrelevant as to the defendants' constructive discharge claim and other defense theories. Id. Finally, this Court found that introduction of such evidence would constitute unfair prejudice pursuant to Federal Rule of Evidence 403. ECF No. 142 at 8-9. Accordingly, this motion in limine (ECF No. 77) was DENIED.

Testimony regarding the above evidence had been received during the first day of trial. After considering and denying a motion for mistrial from the defendants, this Court gave a limiting instruction to the jury instructing the jury to disregard any testimony presented on the first day of trial concerning a possible union grievance or labor arbitration. ECF No. 142 at 17-18. This Court reasoned that this Court's deferment of the motion initially and the giving of a limiting instruction did not and would not cause unfair prejudice such as to constitute reversible error or

unfair prejudice such as to cause the situation to exist where the case could not properly move forward. Id. at 13-14.

C.    Defendants' motion in limine to Exclude any Evidence of Accommodation to other Employees

The defendants argued that evidence of a type-in accommodation to two other employees should be excluded as it is irrelevant. The defendants asserted that they followed the same procedure with Butcher, which was to offer the left hand, palm side-up approach before the type-in bypass. Additionally, the defendants contended that Butcher refused to use the system at all and thus the type-in bypass was not considered an option. The defendants further argued that the evidence is irrelevant as the other two employees were not making a religious accommodation request but rather had physical abnormalities which impeded their ability to use the scanner.

In response, EEOC argued that the type-in approach used by other miners is proof that the defendants did not offer Butcher a reasonable accommodation and thus this evidence is relevant.

This Court found that the evidence regarding other miners was relevant pursuant to Federal Rule of Evidence 401 and should not be excluded. ECF No. 141 at 211. This Court determined that accommodations provided to other miners would be a fact that would be of consequence in determining whether the defendants provided Butcher with a reasonable accommodation. Id. Accordingly, the defendants' motion in limine (ECF No. 79) was DENIED.

D.   Defendants' Motion for Entry of Judgment Order under Rule
     54(b)

     The defendants have withdrawn this motion.  <u>See</u> ECF No. 138.

As such, the defendants' motion for entry of judgment order under

Rule 54(b) (ECF No. 132) is DENIED AS MOOT.

E.   Hearing on Remaining Issues

     As stated previously, this Court had entered an order setting

a briefing schedule regarding back pay, front pay, and other

damages.  This Court informed the parties that it would schedule a

hearing regarding those issues.  This Court is now ready to

consider those issues.  This Court also believes it would be

beneficial to hear oral argument and conduct an evidentiary hearing

on the remaining motion in limine, which has been deferred by this

Court because it is a legal issue to be considered following the

jury verdict, defendants' motion in limine No. 3 to exclude

evidence of lost pension benefits for Beverly Butcher, and EEOC's

motion for a permanent injunction.

     Thus, the parties are DIRECTED to appear at the Wheeling

Federal Courthouse in the Magistrate Judge Courtroom, fourth floor,

Wheeling, West Virginia, on **May 26, 2015 at 1:15 p.m.**  The South

Courtroom is currently scheduled for another matter at the time

this hearing is scheduled.  However, if the South Courtroom becomes

available by the time of the hearing, oral argument will be held in

the Federal Courthouse, South Courtroom, second floor, Wheeling,

West Virginia.  At this hearing, the Court will hear oral argument

on the pending issues of front pay, back pay, and pension benefits as well as hearing testimony and receiving evidence on those issues.

### III.  Conclusion

Based on the analysis above, this Court finds that the plaintiff's motion in limine to exclude argument and evidence concerning irrelevant and hypothetical rationale for defendants' action (ECF No. 76) and motion in limine to exclude argument and evidence concerning hypothetical union grievance or hypothetical labor arbitration outcomes (ECF No. 77) are GRANTED.  The defendants' motion in limine to exclude any evidence of accommodation to other employees (ECF No. 79) is DENIED.  Finally, the defendants' motion for entry of judgment under Rule 54(b) (ECF No. 132) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     May 8, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE