IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                    Civil Action No. 1:13CV215
                                                 (STAMP)

CONSOL ENERGY, INC. and
CONSOLIDATION COAL COMPANY,

      Defendants.

## <u>FINAL CIVIL JURY INSTRUCTIONS</u>

Now that you have heard all of the evidence and the closing statements of counsel, it is my job as judge to tell you about the laws that apply to this case. As jurors, you have two jobs: First, you must determine from the evidence the facts of this case. Then you must apply the rules of law that I will give you to those facts in order to determine whether the plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), is entitled to recover from the defendants, Consol Energy, Inc. and Consolidation Coal Company, or either of them, on its claim on behalf of Beverly Butcher, Jr. and what damages, if any, the plaintiff is entitled to recover.

It is your duty as jurors to follow the law as stated in the Court's instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

I will permit each of you to take a copy of these instructions with you to the jury room. However, you must not single out one

instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what you believe the law ought to be, it would be a violation of your sworn duty as a juror to base your verdict upon any other view of the law than that given in the instructions; just as you realize it would be a violation of your sworn duty, as judges of the facts of this case, to base your verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all of the jurors; and to arrive at a verdict by applying the same rules of law, as given in the Court's instructions.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintiff and the answer thereto of the defendants.  You must perform your duty without any bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.  The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court's instructions, and then reach a just verdict, regardless of the consequences.

This case must be decided by you as an action against persons of equal standing and worth in the community.  By that, I mean that corporations such as Consol Energy, Inc. and Consolidation Coal Company are entitled to the same fair trial in your hands as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of law.

A.  Contentions of the Parties

The plaintiff EEOC is an agency of the United States Government responsible for enforcing a law called Title VII of the Civil Rights Act of 1964, sometimes simply called "Title VII," which is the federal law involved in this lawsuit.  As part of its law enforcement duties, the EEOC files lawsuits in federal court seeking to recover monetary damages to be paid directly to a person who the EEOC believes was denied employment rights that are protected under Title VII.  This is why the EEOC is the plaintiff in this case instead of Beverly Butcher, Jr. himself.

B.  Burden of Proof and Proximate Cause

The burden is on the party asserting a claim or a defense in a civil action, such as this, to prove every essential element as to each claim by the plaintiff or defense by a defendant by a preponderance of the evidence.  So, if the proof should fail to establish any essential element of one or more claim(s) or defense(s) by a preponderance of the evidence in the case, or if

the proof is evenly balanced, then that party failed to meet its burden of proof as to that claim or defense.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.

In order for plaintiff EEOC to recover, it must prove, by a preponderance of the evidence, that a defendant's conduct was a "proximate cause" of the injuries sustained by Beverly Butcher, Jr. The proximate cause necessary to establish a Title VII claim requires only some direct relation between the injury asserted and the injurious conduct alleged, and excludes only those links that are too remote, purely contingent, or indirect. The plaintiff must also prove, by a preponderance of the evidence, the nature and extent of the alleged damages. Similarly, a defendant must prove any defense to plaintiff's claim by a preponderance of the evidence.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of his or her authority delegated to him or her by

the corporation, or within the scope of his or her duties as an employee of the corporation.

C.   Title VII – Religious Discrimination

I am going to briefly state the claims and contentions of the respective parties.  In stating these claims, I express no opinion of the facts because you are the sole judges of the facts.  If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts.  You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences to be made from these facts.

Plaintiff EEOC has asserted a claim against the defendants alleging that Beverly Butcher, Jr. was unlawfully discriminated against specifically because of his religious belief.

The plaintiff's claim of discrimination based on religion is brought under Title VII.  Title VII makes it an unlawful employment practice for an employer of an employee:

1.   To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, the terms, conditions, or privileges of employment, because of such individual's religion; or

2.   To limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's religion.

5

The term "religion" includes all aspects of religious belief, unless an employer demonstrates that it is unable to reasonably accommodate an employee's religious belief without undue hardship on the conduct of the employer's business.

In order for the EEOC to prove its claims of religious discrimination against the employer, it must demonstrate by a preponderance of the evidence that Beverly Butcher, Jr.'s religious belief caused an adverse employment action against Mr. Butcher by the employer.  In order to prove this claim, the EEOC must establish each of the following three elements by a preponderance of the evidence:

1.   Beverly Butcher, Jr. had a sincerely held religious belief that conflicts with an employment requirement;

2.   Mr. Butcher informed his employer of this belief; and

3.   Mr. Butcher was subjected to an adverse employment action either by being subjected to a material change in the conditions of his employment or by being constructively discharged for failure to comply with the conflicting employment requirement.

If you do not believe that the EEOC has established each of these three elements by a preponderance of the evidence, then you shall return a verdict for the defendant employer.

If you find that the EEOC has established each of these elements, then to avoid liability the defendant employer must establish by a preponderance of the evidence either of the following:

1.    It provided Mr. Butcher with a reasonable accommodation for his religious belief; or

2.    That such accommodation was not provided because it would have caused an undue hardship—that is, it would have resulted in more than a de minimis cost to the employer.  In other words, that the accommodation would have resulted in more than a minor, trivial, or minimal cost to the employer.

Undue hardship means more than a de minimis cost on the conduct of the employer's business either in terms of financial costs or disruption of the business.  Undue hardship means something greater than hardship, and it cannot be proven by merely proving any cost or any disruption or inconvenience to the business.  A greater degree of hardship is required to be shown.

If you find by a preponderance of the evidence that the employer provided a reasonable accommodation to Mr. Butcher, your verdict shall be for the defendant employer.  An employer need not provide an employee with his preferred accommodation, and there is no legal requirement that an employer choose any particular reasonable accommodation.  So long as the employer has offered a reasonable accommodation, it has satisfied its duty under Title VII.

Likewise, if you find by a preponderance of the evidence that an accommodation was not provided because it would have resulted in more than a de minimis cost to the employer, your verdict shall be for the defendant employer.  An employer is not required to

adversely impact, burden, or infringe on the duties or rights of other employees when accommodating religious beliefs.

In reaching your verdict on the EEOC's religious discrimination claim, you should keep in mind that the law requires only that an employer not discriminate against an employee based on his religion. The law does not require an employer to make correct or fair decisions. Therefore, in deciding the plaintiff's discrimination claim, it is not your function to substitute your judgment for that of the employer.

As Title VII protections only apply to an employer, the first thing you are to decide is who was Beverly Butcher, Jr.'s employer. Defendant Consol Energy, Inc. is the parent corporation of defendant Consolidation Coal Company and defendant Consolidation Coal Company is the subsidiary corporation of defendant Consol Energy, Inc. When a subsidiary corporation hires an employee, there is a strong presumption that the subsidiary, not the parent corporation, is the employer.

Defendant Consol Energy, Inc. asserts that it did not employ Mr. Butcher. A company employs an employee when it controls the means and manner of the worker's performance. Factors which can be considered when determining whether or not Consol Energy, Inc. employed Mr. Butcher are which company supervised him, which company paid him, and which company made employment decisions regarding him. Further, a company employs an employee if it so dominates the subsidiary corporation that the parent and subsidiary

are considered one employer of the employee.  When assessing this control, you should apply a four-factor test that emphasizes the interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control.  If you find that defendant Consol Energy, Inc. did not substantially control the means and manner of Mr. Butcher's performance at Robinson Run Mine, then you may find that defendant Consol Energy, Inc. did not employ Mr. Butcher.

A "religious belief" protected under Title VII is any sincerely held moral or ethical belief about what is right or wrong that is meaningful in the employee's own scheme of things. Such moral or ethical belief may be related to an employee's belief in a supreme being.

In order to obtain the protection of Title VII, a religious belief must only be sincerely held, meaning the employee himself actually believes it.  Under the law, there is no requirement that any other person shares in the employee's belief, and there is not a requirement that the belief be considered part of any known religion or denomination.  Furthermore, the employee's religious belief is not required to be recognized by, or consistent with, the principles or accepted tenets or beliefs of any known religion or denomination, and that belief need not be recognized as consistent with the teachings of any religious group or denomination with whom the employee is associated.

Religious beliefs need not be acceptable, logical, consistent, or understandable to you or anyone else in order to be protected religious beliefs under the law. When considering this case and deciding on your verdict, you are forbidden from considering whether you personally agree with a religious belief or whether you think it is a true or accurate belief.  Under the law, the only permissible consideration for you is whether the belief is, in Mr. Butcher's own mind, religious in nature, and that he actually believe it.

When informing an employer of a religious belief that conflicts with a work requirement or rule, an employee need not use the words "Title VII," "reasonable accommodation," or similar language, and the employee is not required to explain why they believe what they believe to the employer's satisfaction.  Instead, under the law it is enough for the employee to simply identify that he has a religious belief that conflicts with a work rule or requirement and requests that the employer assist him with that conflict.  Under the law, the employee is not required to identify all possible reasonable accommodations, and the employer has a legal obligation to assist the employee by exercising reasonable efforts to identify possible reasonable accommodations for the employee's religious beliefs.

The EEOC argues in this case that Mr. Butcher was never actually disciplined by his employer over his religious objection to the hand scanner system.  Rather, the EEOC is asserting that Mr.

10

Butcher was constructively discharged from employment when his employer only offered an accommodation to him to use the hand scanner with his left hand palm up and that this accommodation was not a reasonable one.  To establish constructive discharge, the EEOC must prove by a preponderance of the evidence that the employer deliberately made the working conditions of the employee intolerable in an effort to induce the employee to quit.

Thus, a plaintiff alleging constructive discharge must prove two elements: deliberateness of the employer's action, and intolerability of the working condition.  Intolerability of the working conditions is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign.  An employee is not guaranteed a working environment free from stress.  It is the obligation of an employee not to assume the worst and not to jump to conclusions too quickly. An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged.

Under Title VII, a constructive discharge is a type of "adverse employment action."  However, there are also other kinds of adverse employment action.  An adverse employment action means any action by one or both of the defendants that significantly altered the terms, conditions, or benefits of Mr. Butcher's employment, or that deprived him of employment opportunities, or otherwise adversely affected his status as an employee.

11

Title VII requires employers to reasonably accommodate the religious beliefs of their employees unless such accommodation poses an undue hardship on the conduct of the employer's business. In this case, the EEOC asserts that the defendants failed to grant Mr. Butcher a reasonable accommodation for his religious beliefs, and the defendants assert that they granted a reasonable accommodation for Butcher's religious beliefs. You will be asked to render a verdict regarding whether or not a reasonable accommodation was granted to Mr. Butcher.

An "accommodation" is an alteration or change to the usual way of doing things in order to resolve a conflict between a particular employee's sincerely held religious belief and an employer's work requirements or rules.

In deciding whether an accommodation is "reasonable" under the law, you must consider the nature of the employee's religious beliefs, the nature of the employers' work requirement or rule, whether and the extent to which an accommodation resolves or does not resolve the conflict between the religious belief and the work requirement or rule in question, and any adverse effects on the workplace that may be caused by a particular type of accommodation. Granting an employee an exception to an employer's policy or rule that usually applies to other employees can be a form of reasonable accommodation, depending on the circumstances.

In addition, an employer is not permitted to grant or deny accommodations in a manner that is discriminatory against religion.

12

Therefore, when a specific type of accommodation is given to all employees who require it for <u>non-religious</u> reasons but the employer is unwilling to give that kind of accommodation to employees needing it for <u>religious</u> reasons, then any lesser alternative accommodation that was granted to the employee requesting religious accommodation is considered unreasonable under the law.

If you find that the EEOC has proven the essential elements previously described to you, then you must determine whether providing a reasonable accommodation to Mr. Butcher would have been an undue hardship. Under Title VII, an employer is not required to provide a particular form of accommodation for an employee's religious beliefs if providing that type of accommodation would create an undue hardship on the conduct of the employer's business.

In this case, the defendants assert that certain of the accommodations identified by the EEOC would have been an undue hardship on the conduct of their business. It is the burden of the defendants to prove undue hardship by preponderance of the evidence. Thus, if you have found that the accommodation offered to Beverly Butcher, Jr. by the employer was unreasonable, you may consider any alternative forms of accommodation that the employer failed to consider that were available and did not pose an undue hardship on the conduct of the employer's business.

Undue hardship cannot be proved by assumptions or by opinions based on hypothetical facts. Your determination of whether a form of accommodation is an undue hardship must be based on evidence of

13

the facts and circumstances of this particular case and this particular employer.

D.  General Instructions on Damages

If you find by a preponderance of the evidence for the plaintiff and against the defendants or either of them on the issue of unlawful religious discrimination involving Beverly Butcher, Jr., then you should determine an amount that is fair compensation for damages to the plaintiff for Beverly Butcher, Jr.  The purpose of the law is to make Beverly Butcher, Jr. whole—to put him in the same position he would have been in had there been no unlawful religious discrimination.

If you find by a preponderance of the evidence that one or both defendants violated Mr. Butcher's Title VII rights and that he suffered harm as a result of that violation, then you must consider the issue of compensatory damages.  In that circumstance, you must award to EEOC for Mr. Butcher an amount that will fairly compensate him for any injury he actually sustained as a result of either defendant's conduct.  The damages that you award must be fair compensation, no more and no less.  The award of compensatory damages is meant to put someone in the position he would have occupied if the Title VII violation had not occurred.  The EEOC has the burden of proving damages by a preponderance of the evidence.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable

inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life or other non-pecuniary losses that Mr. Butcher experienced as a consequence of either defendant's allegedly unlawful act.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

Compensatory damages are distinct from the amount of wages that Mr. Butcher would have earned, either in the past or in the future, if he had continued in employment with defendants.  Under the applicable law, the determination of lost wages is for this Court to decide at a later time, and therefore you will not be asked to decide lost wages.  You should not consider the issue of lost wages in your deliberations.

As I instructed you previously, the EEOC has the burden of proving damages by a preponderance of the evidence.  But the law does not require that the EEOC prove the amount of Mr. Butcher's losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

The mere fact that I have given you instructions on the law of the recoverability of damages does not imply or suggest that the

Court believes that any damages are due.  Whether or not damages are due is for you to decide.  Instructions as to the measure of damages are only given for your guidance, in the event that you should find in favor of the plaintiff from a preponderance of evidence in the case.

### E.  Consideration of Evidence

As I mentioned at the start of this trial, there are, generally speaking, two types of evidence from which you, the jury, may properly find the truth as to the facts of the case.  One is direct evidence—such as the testimony of an eye witness.  The other is indirect or circumstantial evidence–proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all of the evidence in the case, both direct and circumstantial.

Statements and arguments of counsel are not evidence in the case. If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been

admitted or stipulated; and all facts which have been brought to your attention as being uncontroverted and undisputed; and all applicable presumptions stated in these instructions.

Any evidence to which an objection was sustained by the Court during the course of trial, and any evidence ordered stricken by the Court, must be entirely disregarded by you in your deliberations.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded by you.

You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the mere statements of the witnesses.  In other words, you are not limited solely to what you have seen and that to which you have heard the witnesses testify.  You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

An inference is a deduction or conclusion which reason and common sense lead the jury to draw from the facts which have been established from the evidence in the case.

A presumption is a deduction or conclusion which the law requires the jury to make under certain circumstances, in the absence of evidence in the case which leads the jury to a different or contrary conclusion.

Although the burden is on the party who asserts the affirmative of an issue to prove that claim by a preponderance of

17

the evidence in the case, the rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You, as jurors in this case, are the sole judges of the credibility of the witnesses, and the weight and value their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony of the witness.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand.  Consider each witness' ability to observe the matters to which the witness has testified, and whether each witness impresses you as having an accurate recollection of these matters.  Consider also any relation the witness may bear to either side of the case.  Consider the manner in which each witness might be affected by the verdict, if at all, and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you as jurors to discredit the witness' testimony.  Two or

more persons witnessing an incident or transaction may see it or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance, or an unimportant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

In the course of the trial, it has been necessary for me to rule on the admission of evidence and on motions made with respect to the applicable law.  You must not conclude from any such ruling I have made or from any questions I may have asked or from anything that I have said during the course of the trial or from these instructions or the manner in which they are given that I favor any party in this lawsuit.  It is your recollection of evidence and your decision on the issues of fact which will decide this case.

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of Tom Hudson has been presented to you by reading the transcript of the deposition.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce, as exhibits, all papers and things in evidence in the case.

A witness, whether or not a party, may be discredited, or impeached, by contradictory evidence or by evidence that at other times the witness may have made statements which are inconsistent with the witness' testimony.

If you believe a witness has been impeached, or if a witness has been shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in all other particulars; and you may reject all the testimony of that witness or give it just such credibility as you may think it deserves.

After making your own judgment, you will then give the testimony of each witness in this case just such weight, if any, as you think it deserves.

F.   Returning a Verdict

Your verdict must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree thereto.   Your verdict must be unanimous.

Some of you have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence

20

over your independent recollection of the facts.  A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

As you have noticed, we have an official court reporter making a record of the trial.  However, as I mentioned earlier, we will not have typewritten transcripts of this record available for use in reaching your decision in this case.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  You must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest in serving as jurors in this case is to seek the truth from the evidence in the case.

Upon retiring to the jury room, select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson in Court.

21

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete this form by answering the questions under the written instructions on the verdict form and then stating the verdict upon which you unanimously agree.  The foreperson will then sign and date the form and the jury will then return with your verdict to the courtroom.

This form of verdict has been prepared for your convenience.
**[Review verdict form.]**

If you should desire to communicate with the Court at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.